| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **PBN LAW GROUP** |
| Abbas Kazerounian, Esq. (249203) | Philip B. Nghiem, Esq. (291525) |
| ak@kazlg.com | philn@hn-lawyers.com |
| Matthew M. Loker, Esq. (279939) | Brian J. Soo-Hoo, Esq. (228298) |
| ml@kazlg.com | brian@bankruptcylawpros.com |
| Elizabeth A. Wagner, Esq. (317098) | 601 Parkcenter Drive, Suite 107 |
| elizabeth@kazlg.com | Santa Ana, CA 92705 |
| 1303 East Grand Avenue, Suite 101 | Telephone: (657) 333-5726 |
| Arroyo Grande, CA 93420 | Facsimile: (877) 488-3234 |
| Telephone: (800) 400-6808 | |
| Facsimile: (800) 520-5523 | |

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL DUGO, JR., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| v. | (1) **CALIFORNIA'S FALSE ADVERTISING LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500,** *ET SEQ.***; AND,** |
| **LOWE'S COMPANIES, INC.,** | (2) **CALIFORNIA'S UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,** *ET SEQ.* |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

Case No.                                                      *Dugo v. Lowe's Companies, Inc.*
**COMPLAINT**

# INTRODUCTION

1. DANIEL DUGO (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and deceptive business practices of LOWE'S COMPANIES, INC. ("Defendant") with regard to Defendant's advertisement and representations to the public during one of its closure sales. Specifically, that Defendant advertised during its sale that consumers shopping during this time would get "40%-60% off the lowest ticketed price" of items they purchased. However, Plaintiff alleges there were several instances where no discount was applied at all, the item was overcharged, or the item received a discount that was not at least 40%. This type of business practice is unlawful under California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.* ("UCL").

2. Consequently, Plaintiff also brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the above-mentioned practices of Defendant as they are also in violation of California's False Advertising Law, California Business & Professions Code §§ 17500, *et seq.* ("FAL"). These false representations of sale induced Plaintiff and others to enter the store seeking a discount that they did not receive at all or was not fully discounted at the rate advertised.

3. Defendant's conduct is a scheme carried out by Defendant which involves making significant amounts of money from California consumers through false, deceptive, and misleading means throughout the period covered by the applicable statute of limitations.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in the State of North Carolina and State of Incorporation in the State of North Carolina. Plaintiff also alleges that the amount in controversy exceeds the sum of $5,000,000 when aggregating the damages of the proposed class.

9. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Orange, State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was, a corporation conducting business in the State of California and incorporated in North Carolina.

## FACTUAL ALLEGATIONS

13. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times relevant, Defendant made and continues to make marketing efforts to solicit the business of California consumers.

15. Sometime prior to 2019, Defendant as a part of a liquidation process began closing some of its hardware stores across the country. At least two of these stores participating in the process in California were the Lowe's stores located in Irvine, CA and Aliso Viejo, CA.

16. Plaintiff intrigued by the "Store Closing" signs and "Everything 40-60% off" signs, he entered the one of Defendant's stores.

17. Absent said advertisements, Plaintiff would not have entered Defendant's stores.

18. Plaintiff bought several items from the store because he believed he would be getting the advertised discount on his items, however, when he looked at his receipts he noticed he only got the discount on a few of the items and not all of them.

19. Below one of the signs in the store the Plaintiff noticed words in smaller bolder print that read "Limited exceptions apply". When the Plaintiff asked one of the Defendant's customer services representatives about what that meant, Plaintiff was told it meant the store could apply further discounts or refuse to sell items that were damaged, etc.

20. When the Plaintiff inquired about whether or not the closure sale had a written policy, he was told that the store did not have a written policy. There was nothing to indicate to Plaintiff that the stores would not honor their respective liquidation sales as advertised.

21. An example of Defendant's unlawful business practice has shown up across several locations. Plaintiff purchased a "AE 1 &1/2 inch Connector Hose" which was already discounted from its original retail price on "clearance" at $5.59.

22. On the payment receipt the item rang up at $3.49, despite the fact that the item did receive a discount, the discount applied to the "lowest ticketed price" was only $2.10 which is only 37.5% of a discount.

23. All of the signage in the store indicated that the discounts applied would be at least 40% or at most 60%.

24. Plaintiff also purchased a "Covert 3/16 in Forged Swivel" which was priced at $4.98 and was rung up at the register at $1.99.

25. Again, the item was discounted but only discounted by $2.99 which is a 60% discount but the signage at this particular location indicated that the items would be discounted by a minimum of 70% or at most 90%.

26. There are also instances where client was overcharged for items, on or about 12/26/18 at the Irvine location.

27. Plaintiff purchased a "Self-Watering Insert" priced at $6.38 but on the receipt it shows that the item was charged at $7.98.

28. Not only is Defendant practicing deceitful business practices by not giving the full discounts it advertises, but overcharging on items that many consumers were likely unaware of.

29. Plaintiff also bought a "Switch Box 1.5 in" which was priced at $1.89 but the receipt shows that the Plaintiff was charged $2.64 for this item, which also was an overcharge. Plaintiff believes, and thereon alleges that Defendant had this unlawful practice at not only the store he purchased the items at, but all stores Defendant had participating in the liquidation sale across the country.

30. As a consequence of Defendant's unfair and deceptive practices, Plaintiff and others similarly situated consumers have purchased Plaintiff's products under the false impression that they would be receiving a discount on the products that they purchased, and in some instances did not receive the discount as advertised, or other times no discount at all and were overcharged.

31. As a result of Defendant's false and misleading advertisements they have successfully solicited profits from unsuspecting consumers who bought products from Defendant at prices they did not bargain for. Plaintiff and others similarly situated purchased thousands, if not millions of Defendant's products and suffered damages like loss of money for items they didn't receive the correct deal as represented.

32. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing alleged herein. The precise amount of damages will be proven at trial, in large part, by expert testimony.

33. Plaintiff and Class Members were undoubtedly injured as a result of Defendant's deceptive advertising during the liquidation sales that are at issue in this matter.

34. Without these advertisements, Plaintiff and the Class Members would not have entered Defendant's stores.

35. Thereafter, Plaintiff and the Class Members did not receive the advertised benefit upon making purchases from Defendant.

## CLASS ALLEGATIONS

36. Plaintiff re-alleges and incorporates by reference all above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to the Federal Rules of Civil Procedure, Rule 23(a), 23(b)(1), 23(b)(2), and 23(b)(3).

38. Plaintiff represents, and is a member of, the class consisting of:
    > All persons within the State of California who purchased a product from Defendant during Defendant's liquidation closure sales and did not receive the advertised discount within the four years prior to the filing of this Complaint.

39. Defendant and its employees or agents are excluded from the Class.

40. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41. There is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class because:

    a. *Numerosity*: The potential members of the Class as defined are so numerous and so diversely located throughout the United States, that joinder of all the members of the Class impracticable. The class members are dispersed throughout country. Joinder of all members of the proposed class is therefore not practicable.

    b. *Commonality*: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i. Whether Defendant's advertisements during the liquidation sales induced members of the class to shop in Defendant's respective stores;

ii. Whether Defendant arbitrarily applied discounted rates on products purchased by members of the class during the liquidation sales;

iii. Whether Plaintiff and the Class are entitled to damages as a result of Defendant's conduct;

iv. Whether Plaintiff and the Class are entitled to reasonable attorneys' fees;

v. Whether Plaintiff and class members are entitled to declaratory relief, injunctive relief and/or restitution under Cal. Bus. & Prof. Code § 17535;

vi. Whether such practices violates California Business and Professions Code § 17500; and

vii. Whether such practices violate California Business and Profession Code § 17200.

c. *Typicality*: Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were induced to purchase products that were falsely represented at various discounted rates, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways.

d. **Adequacy of Representation:** Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the class members. Plaintiff's interests do not conflict with those of class members. Counsel who represent Plaintiff are competent and experienced in litigating large class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e. **Superiority of Class Action:** A Class Action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Plaintiff and class members have suffered or may suffer loss in the future by reason of Defendant's unlawful policies and/or practices of not complying with the statutes described herein. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full restitution to class members, and will thereby effectuate California's strong public policy of protecting the California public from violations of its laws. If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most class members to bring individual actions to recover monies due from Defendant, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

42. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication. Said notice may be supplemented by a settlement website and/or a toll-free telephone number for consumers to call for more information.

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

## CAL. BUS. & PROF. CODE §§ 17500, ET SEQ.

## [AGAINST ALL DEFENDANTS]

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17506.

45. Under the FAL, the State of California makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the other public in this state . . . in any advertising devise . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

46. Defendant engaged in a scheme of advertising that induced consumers to shop at Defendant's store, and that Defendant's products sold during the liquidation sales at the various locations would be maintained throughout the transaction as represented which Defendant knew or should have known to be false and/or misleading.

47. The prohibition against untrue or misleading statements under the FAL extends to the use of false or misleading oral statements.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

48. Plaintiff and Class Members lost money as a result of Defendant's violations under the FAL because: (1) Plaintiff was overcharged for some products purchased during the liquidation sale; and (2) Plaintiff was not charged the correct amount for some products and lost money that they would have saved had the products been sold as advertised.

49. As a result, Defendant's conduct as described above and herein is in violation of FAL. Thus, Plaintiff is entitled to monetary and injunctive relief.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

## CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

## [AGAINST ALL DEFENDANTS]

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

52. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

53. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 et seq.

## "UNLAWFUL" PRONG

54. As a result of Defendant's acts and practices described herein, Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

55. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as honoring the liquidation sales as purported throughout the signage in the stores, and providing a written policy for consumers if there were any potential caveats in the application of the discounts.

56. Defendant also had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as providing the appropriate discount breakdowns on the receipts that so that both the consumer and the retailer knew the amount of the discount being applied to a particular item.

57. Plaintiff reserves the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

## "UNFAIR" PRONG

58. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to market to the public a promotional discount on items and then arbitrarily apply the discount to the products they deem fit. It is also an unfair business act or practice for Defendant to not provide consumers with a medium that can accurately and effectively communicate the discount policy

so consumers understand.

59. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 et seq., as alleged further detail above and herein.

60. Plaintiff could not have reasonably avoided the injury suffered herein. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to require induce the business of unsuspecting consumers with misleading liquidation sale signs, arbitrarily applying discounts, and overcharging for some of its products.

## FRAUDULENT

61. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

62. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

63. Here, unless vigilant enough, a consumer would be made to believe that they were getting the applicable discount on the items they purchased during the sale, and could actually be overcharged or not apply the appropriate discount as advertised.

64. In addition, Defendant's failure to provide a written policy of the liquidation sales left consumers with little to no understanding of the discounts as advertised and in some instances left to guess on which items the discounts might apply to.

65. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following damages against Defendant and relief as follows:

- That Plaintiff is entitled to injunctive relief and/or restitution pursuant to Cal. Bus. & Prof. Code § 17535;
- That Plaintiff be awarded $2,500.00 pursuant to Cal. Bus. & Prof. Code § 17500;
- That it be found that Defendant is in possession of money that belongs to Plaintiff and that Defendant has not returned the money;
- An order requiring Defendant to pay restitution to Plaintiff due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of Plaintiff's overcharged products and under discounted products;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and to restore to Plaintiff all funds acquired by means of any act or practice declared to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- That Plaintiff be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or other applicable law; and,

- Any and all other relief as deemed necessary or appropriate.

Dated: March 11, 2019                                      Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF